UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-06461-JMS-DMK** | Date | November 3, 2026 |
| Title | ***Sanchez v. Warden, Adelanto Ice Processing Center et al.*** | Page | 1 of 2 |

Present: The Honorable J. Michael Seabright, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Derek Davis | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER**

On October 30, 2026, Petitioner "Patino Sanchez, Erwin Enrique" ("Petitioner") filed an Emergency Motion for Temporary Restraining Order ("Motion for TRO"), *see* ECF No. 2, along with a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), *see* ECF No. 1. The Motion for TRO asks the court to "enjoin[] Respondents from transferring the Petitioner to a location outside the jurisdiction of this Court, and order[] Respondents to immediately release the Petitioner, or alternatively order the Immigration court to grant a bond consideration hearing." ECF No. 2 at Page ID #:33.

The Motion for TRO is DENIED. Central District of California General Order No. 26-05 already sets an accelerated briefing schedule and process for petitions under § 2241 seeking the type of immigration-related relief sought here. Under that General Order, Respondents' answer to the Petition is due "no later than 7 days from [October 30, 2026]" and any reply is due three days thereafter. ECF No. 5 at Page ID #:39. Further, the General Order requires the government to provide Petitioner "at least two court days' notice" if it intends to remove Petitioner from the Central District of California. *Id.* Section 3 of that General Order provides that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." *Id.* at Page ID #:42.

Here, the Motion for TRO does not adequately explain how the harm alleged by Petitioner cannot be addressed by the schedule and process already provided in General Order 26-05. *Cf. Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (explaining that a moving party must show why it "should be allowed to go to the head of the line" to establish why relief "cannot be calendared in the usual manner"). Given the expedited briefing schedule for the Petition itself and notice requirement prior to removal from this District, the court is not convinced that emergency relief in the form of a TRO is necessary. Considering these factors, as well as a review of the Motion for TRO itself, the Court concludes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-06461-JMS-DMK** | Date | November 3, 2026 |
| Title | ***Sanchez v. Warden, Adelanto Ice Processing Center et al.*** | Page | 2 of 2 |

that Petitioner is not entitled to the requested preliminary relief at this time. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (holding, among other requirements, that the petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief.").

Accordingly, Petitioner's Motion for TRO, ECF No. 2, is DENIED. As provided in the General Orders 05-07 and 26-05, proceedings on the merits of the underlying Petition will CONTINUE in the normal course initially before the Magistrate Judge assigned to this case.